■ JERRY WISOTSKY, Appellant, v MODERN YACHTS, INC., Respondent. [615 NYS2d 85] —In an action to recover damages for the loss of personal property due to negligence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered October 8, 1991, as granted the defendant's motion for partial summary judgment dismissing the complaint for lack of standing.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff entered into a written agreement with the defendant to store a boat at the defendant's marina during the 1982 season. The plaintiff signed his name at the bottom of the dockage agreement in the space reserved for the "owner's signature". The defendant does not deny that the plaintiff is the individual who entered into the contract and signed it. However, the defendant argues that because the owner of the boat in question was identified at the top of the agreement as an entity entitled "Hollywood Creations Co.", the plaintiff lacks standing to bring the present action. We find this contention to be without merit. On the contrary, as the individual who entered into the dockage agreement and signed it as the owner of the subject boat, the plaintiff has clearly demonstrated that he is a proper party to request an adjudication of his allegation that the loss of the vessel was due to the defendant's negligence *(see, Grace v Sterling, Grace*

& *Co.*, 30 AD2d 61, 65; *see also,* Siegel, NY Prac § 136, at 206 [2d ed]). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.